BELLWILL COTTON MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9561. Promulgated December 26, 1928.

P. D. *Hutchinson,* C. P. A., for the petitioner.

*Eugene Mecham, Esq.,* and C. E. *Lowery, Esq.,* for the respondent.

914

TRUSSELL: Petitioner claims that the book values of assets as shown on the balance sheets of the old books in 1909 should be used in computing the values of fixed assets for purposes of depreciation instead of the 1909 appraisal values used by respondent. Petitioner further claims that its invested capital as computed by respondent should be increased by $100,000 preferred stock alleged to be outstanding, by $169,633.82 paid-in surplus, and by the amount of $82,597.19 representing an alleged arbitrary write-down of assets in 1909.

It appears from the deficiency letter that respondent used the appraisal value of approximately $180,000 for fixed assets in 1909 in determining the value of assets for the purposes of depreciation and invested capital for the years here in question. It appears further that respondent disallowed a claimed paid-in surplus of

$100,000 for the reason that, " The net effect of the reorganization was to retire $100,000 preferred stock by the issue of $75,000 of bonds, but on the evidence of the appraisal it does not appear that even a paid-in surplus to the extent of $25,000 can be allowed."

We have before us a recounting of events which have transpired relative to this petitioner and statements as to what petitioner's two sets of books showed as to asset values in 1909, and we are asked to adjust the matters here in controversy upon the basis of those facts. The original books of entry were not produced at the hearing.

The one fact which seems to be established in this record is that petitioner's original paid-in capital and additions thereto can not now be determined, due apparently to uncertain accounting at the times of successive reorganizations. We are of the opinion that this case, so far as invested capital is concerned, falls under the provisions of section 327 of the Revenue Acts of 1918 and 1921 as a case in which the invested capital can not be determined.

In his computation of the allowed deduction for depreciation, the respondent has used a basis of the appraised value in 1909 of depreciable assets and applied rates thereon which seem to furnish a reasonable deduction for depreciation in computing the net income of this petitioner, and we are of the opinion that the depreciation deductions allowed by the respondent in his deficiency notice should be approved.

In view of all the record we are of the opinion that the petitioner's profits taxes for each of the years here under consideration should have been and should now be computed in accordance with the provisions of section 328 of the Revenue Acts of 1918 and 1921 and that a final settlement of deficiency should be made pursuant to Rule 62 (c) of the Board's rules of practice, provided the amounts of the taxes so computed are less than the amount of the taxes now asserted against this petitioner.

*Judgment will be entered accordingly.*